# IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY, MARYLAND

SELVIN RAMIRO MARTINEZ HERNANDEZ  \*
5 Blackpool Circle  \*
Waldorf, MD 20602  \*
 \*
MIGUEL ANGEL LEON RIVERA  \*
392 University Drive  \*
Waldorf, MD 20602  \*
 \*
JESUS N. SANTAMARIA  \*
397 University Drive  \*
Waldorf, MD 20602  \*
 \*
    PLAINTIFFS,  \*
 \*
v.  \*  Case No.: CAL18-12481
 \*
AMBER'S DISPOSAL, LLC  \*
23530 Aquasco Road  \*
Aquasco, MD 20608  \*
 \*
  Serve: Brenda Johnson McAlwee  \*
       23530 Aquasco Road  \*
       P.O. Box 9  \*
       Aquasco, MC 20608  \*
 \*
BRENDA JOHNSON MCALWEE  \*
23530 Aquasco Road  \*
P.O. Box 9  \*
Aquasco, MD 20608  \*
 \*
FRANK L. MCALWEE, JR.  \*
23530 Aquasco Road  \*
P.O. Box 9  \*
Aquasco, MD 20608  \*
 \*
ROBERT D. CASE  \*
1917 Mikes Way  \*
Owings, MD 20736  \*
 \*
    DEFENDANTS.  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Filed: 2018 MAY -3 PM 12: 47, Clerk of the Circuit Court, PR GEO CO MD #28*



EXHIBIT A-1

# COMPLAINT

COME NOW the plaintiffs, Selvin Ramiro Martinez Hernandez, Jesus N. Santamaria, and Miguel Angel Leon Rivera (collectively, "Plaintiffs"), by undersigned counsel, and hereby submit this Complaint against Amber's Disposal, LLC, Brenda Johnson McAlwee, Frank L. McAlwee, Jr., and Robert D. Case (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, MD Labor & Employ. § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, MD Labor & Employ. § 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Selvin Ramiro Martinez Hernandez, Jesus N. Santamaria, and Miguel Angel Leon Rivera are adult residents of Maryland. By participating as named plaintiffs in this action, they consent to prosecute their claims against Defendants under the FLSA, the MWHL, and the MWPCL.

2. Defendant Amber's Disposal, LLC is a limited liability company organized under the laws of the State of Maryland and operating a waste removal and recycling business.

3. Defendants Brenda Johnson McAlwee, Frank L. McAlwee, Jr., and Robert D. Case are adult residents of the State of Maryland.

4. At all relevant times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, MWHL, and MWPCL.

5. At all relevant times, Defendants, in the aggregate and in the individual, have had an annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus constitute an "enterprise" within the meaning of the FLSA.

6. At all relevant times, Plaintiffs were employees who engaged in commerce or the

production of goods for commerce under 29 U.S.C. §§ 206(a) and 207(a)(1).

7. The matter in controversy exceeds the sum of $30,000, exclusive of interest and costs.

8. Venue is proper in Prince George's County because acts giving rise to the claims occurred in Aquasco, Maryland, and Defendants maintain their principal offices, carry on regular business and/or were or are employed in Aquasco, MD.

## FACTS

### Selvin Ramiro Martinez Hernandez

9. Selvin Ramiro Martinez Hernandez ("Hernandez") was employed by Defendants from around 2010 until February 9, 2018.

10. Hernandez worked as a driver from Monday through Friday, except when a public holiday fell on one of the weekdays, in which case he worked as a driver on Saturday instead of on the holiday.

11. In addition, Hernandez frequently worked on Saturdays performing a combination of janitorial and landscaping work requested by Defendants. During the last three years of his employment, Hernandez performed this work in around 50% of the weeks.

12. From around 2013 until May 6, 2017, Defendants paid Hernandez at the rate of $17.00 per hour.

13. From May 7, 2017 until the end of his employment, Defendants paid Hernandez at the rate of $18.00 per hour.

### Jesus N. Santamaria

14. Jesus N. Santamaria ("Santamaria") was employed by Defendants from around June 2014 until around December 2015.

15. Santamaria worked as a driver's helper from Monday through Friday, except when a public holiday fell on one of the weekdays, in which case he worked as a driver's helper on Saturday instead of on the holiday.

16. In addition, Santamaria worked on all other Saturdays during his employment, performing a combination of janitorial and landscaping work requested by Defendants.

17. From around January 2015 until around December 2015, Defendants paid Santamaria at the rate of $10.50 per hour.

18. During the last two weeks of his employment, Defendants paid Santamaria at the rate of $12.00 per hour.

Miguel Angel Leon Rivera

19. Miguel Angel Leon Rivera ("Rivera") was employed by Defendants from around January 2017 until around July 2017.

20. Rivera worked as a driver's helper from Monday through Friday, except when a public holiday fell on one of the weekdays, in which case he worked as a driver's helper on Saturday instead of on the holiday.

21. In addition, Rivera worked on 11 other Saturdays, performing a combination of janitorial and landscaping work requested by Defendants.

22. Defendants paid Rivera at the rate of $10.75 per hour.

All Plaintiffs

23. Each plaintiff typically worked more than 40 hours per week for Defendants.

24. Defendants paid Plaintiffs by payroll check for their work as driver and driver's helpers.

25. Defendants paid Plaintiffs in cash for their janitorial and landscaping work.

26. Defendants did not include the time Plaintiffs spent on janitorial and landscaping work in calculating Plaintiffs' hours worked per week.

27. Defendants did not pay Plaintiffs at the rate of one and one-half times their regular hourly rates for janitorial and landscaping work that was in excess of forty hours worked in each one-week period.

28. Defendants automatically deducted a half hour for lunch per day (2.5 hours per week) from Plaintiffs' pay even though Plaintiffs did not take half-hour lunches on most days.

29. Defendant had a policy of docking the pay of the driver if the helper was late for work and vice-versa.

30. Defendants deducted additional amounts totaling an average of one hour per week from the hours reflected on Plaintiffs' time cards.

31. While Defendants paid at the overtime rate for hours over forty reflected on Plaintiffs' paystubs in many weeks, they failed to do so an average of three times per year, instead showing straight-time wages for all hours over forty.

32. While Defendants had a practice of providing holiday pay for major holidays, at times they gave holiday pay to some employees but not to others. As a result, Plaintiffs were underpaid an average of one holiday per year.

33. At all relevant times, Defendants Brenda Johnson McAlwee, Frank L. McAlwee, Jr., and Robert D. Case owned and operated Amber's Disposal, LLC and (a) Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs; (b) Had the power to supervise Plaintiffs' work; (c) Set and controlled Plaintiffs' work schedules or had the power to set and control Plaintiffs' work schedules; (d) Set and determined or had the power to set and determine Plaintiffs' rates and methods of pay; and (e) Controlled the day-to-day operations of Amber's Disposal, LLC.

## CAUSES OF ACTION

### COUNT I
### Federal Fair Labor Standards Act
### (Overtime)

34. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

35. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rate of pay for all hours in excess of forty worked in each week ("overtime hours").

36. At all relevant times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

37. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours they worked.

38. As set forth above, Defendants had knowledge that Plaintiffs worked more than 40 hours per week during their employment.

39. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours worked.

40. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the FLSA but did not do so.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other

and further relief this Court deems appropriate.

## COUNT II
## Maryland Wage and Hour Law
## (Overtime)

41. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

42. At all relevant times, Plaintiffs were Defendants' "employees" and Defendants were Plaintiffs' "employers" within the meaning of the MWHL.

43. Defendants, as Plaintiffs' employers under the MWHL, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) the employees' regular rate of pay for all hours in excess of forty worked in each week ("overtime hours").

44. As set forth above, Defendants had knowledge that Plaintiffs worked more than 40 hours per week during their employment.

45. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half times (1.5x) their regular rate for all overtime hours worked.

46. Defendants' failure and refusal to pay Plaintiffs overtime as required by the MWHL was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the FLSA but did not do so.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, plus interest (both pre- and post-judgment), plus attorney's fees, costs, and any other and further relief this Court deems appropriate.

# COUNT III
## Maryland Wage Payment and Collection Law
### (Unpaid Wages)

47. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

48. At all relevant times, Plaintiffs were Defendants' "employees" and Defendants were Plaintiffs' "employers" within the meaning of the MWPCL.

49. As Plaintiffs' employers, Defendants were obligated under the MWPCL to pay all wages due for the work Plaintiffs performed.

50. As detailed above, Defendants failed to compensate Plaintiffs for all hours worked and to pay overtime wages for all hours over forty worked during each week.

51. Defendants' failure and refusal to pay all wages due for the work Plaintiffs performed was not the result of a *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for three times (3x) the amount of all unpaid regular and overtime wages that Defendants failed to pay to Plaintiffs, plus interest (both pre- and post-judgment), plus attorneys' fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Mariusz Kurzyna
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*