# SETTLEMENT AGREEMENT

This Settlement and Release of Claims Agreement ("Agreement") is entered into by and between Amber's Disposal, LLC, an organization formed under the laws of the State of Maryland, Brenda J. McAlwee, Frank L. McAlwee, Jr., Robert D. Case, individual residents of the State of Maryland (collectively, "Defendants"), and, Selvin Ramiro Martinez Hernandez ("Martinez"), Miguel Angel Leon Rivera ("Rivera"), and Jesus N. Santamaria ("Santamaria"), individual residents of the State of Maryland (collectively, "Plaintiffs") as of ___1/4/19___ ("Execution Date").

WHEREAS, Plaintiffs brought a lawsuit, Case Number CAL18-12481 in state court, against Defendants for alleged violations under the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), and Defendants removed the lawsuit to Federal Court, Case Number 8:18-CV-01809-CBD (hereinafter Plaintiff's lawsuit is referred to as the "Complaint");

WHEREAS, Defendants have denied every allegation of wrongdoing contained in the Complaint and in any other papers filed or served by or on behalf of Plaintiffs in this matter or before any court;

WHEREAS, the Parties desire to resolve the Complaint without further litigation or adjudication and reached the settlement described herein at a Settlement Conference before a United States Magistrate Judge.

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing in this Agreement shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaims and denies any wrongdoing or liability to Plaintiffs.

2. <u>Payment</u>. In consideration of Plaintiffs' execution of and compliance with this Agreement, including Plaintiffs' waiver and release of claims, Defendants agree to provide the following Payment to which Plaintiffs is not otherwise entitled:

    (a) The total sum of $26,000.00 to be paid to Plaintiffs, to be paid directly to Plaintiffs' counsel, Zipin, Amster & Greenberg, LLC ("Plaintiffs' Counsel"). Defendants shall issue a Form 1099-MISC to each of Plaintiffs and Plaintiffs' Counsel for this amount.

    (b) The payments outlined in this Section shall be delivered to Zipin, Amster & Greenberg, LLC, made out to "Zipin, Amster & Greenberg, LLC – Trustee."

    (c) The payments shall be made as follows: (i) one $10,000.00 payment made within seven days of Federal Court approval of this Agreement; and (ii) eight monthly payments of $2,000.00 beginning January 1, 2019.

    (d) Payments must be sent via certified mail, return receipt requested, to 8757 Georgia Ave. #400, Silver Spring, Maryland 20910. Payments must be timely mailed so that they are received by Plaintiffs' Counsel within five business days of the due date.

(e) The Parties understand and agree that of the total amount of the payments, Eight Thousand Two Hundred Forty-Eight Dollars and Fifty Cents ($8,248.50) reflects the complete settlement and compromise of Martinez's claims for damages, Two Thousand Four Hundred Forty-Eight Dollars ($2,448.00) reflects the complete settlement and compromise of Santamaria's claims for damages, Seven Hundred Ninety-Two Dollars and Eighty-Two Cents ($792.82) reflects the complete settlement and compromise of Rivera's claims for damages, Fourteen Thousand Three Hundred Twenty-Four Dollars and Sixty-Eight Cents ($14,324.68) reflects the complete settlement and compromise of any claims by Plaintiffs or Plaintiffs' Counsel for attorney's fees in this matter, and One Hundred Eighty-Six Dollars ($186.00) reflects the complete settlement and compromise of any claims by Plaintiffs or Plaintiffs' Counsel for costs incurred in this matter.

(f) Plaintiffs agree and acknowledge that Defendants and its counsel have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received by Plaintiffs pursuant to this Agreement. Plaintiffs and Defendants are responsible for their respective tax liabilities relating to the payments made pursuant to this Agreement and neither will not look to the other for any indemnification of any tax liability for any reason..

(g) Plaintiffs further agree and acknowledge that Plaintiffs have been properly paid for all hours worked for Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiffs have been paid, and that Plaintiffs are not owed anything else from Defendants other than as provided for in this Agreement.

3. <u>Release and Waiver of Claims</u>. In exchange for the consideration provided by Defendants in this Agreement, Plaintiffs and Plaintiffs' heirs, executors, representatives, administrators, agents, and assigns (collectively the "Releasors") irrevocably and unconditionally fully and forever waive, release, and discharge Defendants, including Defendants parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective officers, directors, and employees, in their corporate and individual capacities (collectively, the "Released Parties"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "Claims"), that Plaintiffs may have or has ever had against the Released Parties, or any of them, arising out of, or in any way related to the allegations in Plaintiffs' Complaint from the beginning of time up to and including the date of Plaintiffs' execution of this Agreement.

4. <u>Withdrawal and Stipulation of Dismissal</u>. In exchange for the good and valuable consideration, the sufficiency of which is acknowledged, Plaintiffs shall file a joint motion for the approval of this Agreement and the dismissal of their Complaint with prejudice.

5. <u>Non-Disparagement</u>. The Parties agree and covenant that each Party shall not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory, or disparaging remarks, comments, or statements concerning the other Party, now or in the future.

6. <u>Governing Law, Jurisdiction, and Venue</u>. This Agreement and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of Maryland without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in the state of Maryland.

7. <u>Attorneys' Fees and Costs</u>. In the event either Party advances a lawsuit to enforce the terms and conditions of this Agreement, the prevailing Party in that lawsuit will be entitled to recover from the non-prevailing Party, payment of all reasonable attorneys' fees and costs that the prevailing Party incurred in the course of enforcing the terms of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

8. <u>Entire Agreement</u>. Unless specifically provided herein, this Agreement contains all of the understandings and representations between Defendants and Plaintiffs relating to the subject matter hereof and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter.

9. <u>Modification and Waiver</u>. No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiffs and by Defendants. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

10. <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement is held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall remain in full force and effect and continue to be binding upon the Parties, with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

11. <u>Captions</u>. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

12. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

13. <u>Acknowledgment of Full Understanding</u>. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT PLAINTIFFS HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFFS ACKNOWLEDGE AND AGREE THAT PLAINTIFFS HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF PLAINTIFFS' CHOICE BEFORE SIGNING THIS AGREEMENT.

SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution Date above.

**DEFENDANTS**

Amber's Disposal, LLC

By_____
Name: Brenda J. McAlwee
Title: Officer

Brenda J. McAlwee

Signature:_____
Print Name: _____

Frank L. McAlwee, Jr.

Signature:_____
Print Name: _____

Robert D. Case

Signature:_____
Print Name: _____

**PLAINTIFFS**

Selvin Ramiro Martinez Hernandez

Signature: *Selvin R Martinez*
Print Name: *Selvin R Martinez*

Miguel Angel Leon Rivera

Signature: *[signature]*
Print Name: *Miguel Angel León*

Jesus N. Santamaria

Signature: *[signature]*
Print Name: *Jesus Santamaria*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution Date above.

**DEFENDANTS**

Amber's Disposal, LLC

By *Brenda J. McAlwee*
Name: Brenda J. McAlwee
Title: Officer

Brenda J. McAlwee

Signature: *Brenda J. McAlwee*
Print Name: Brenda J. McAlwee

Frank L. McAlwee, Jr.

Signature: *Frank L McAlwee Jr*
Print Name: Frank L McAlwee Jr

Robert D. Case

Signature: *Robert D Case*
Print Name: Robert D. Case

**PLAINTIFFS**

Selvin Ramiro Martinez Hernandez

Signature: _____
Print Name: _____

Miguel Angel Leon Rivera

Signature: _____
Print Name: _____

4