# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| SELVIN RAMIRO MARTINEZ HERNANDEZ, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. CBD-18-1809 |
| AMBER'S DISPOSAL, LLC, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiffs Selvin Ramiro Martinez Hernandez ("Martinez"), Miguel Angel Leon Rivera ("Rivera"), and Jesus N. Santamaria ("Santamaria") (collectively "Plaintiffs") brought claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiffs sought damages, including liquidated and treble damages, from Defendants Amber's Disposal, LLC, Brenda J. McAlwee, Frank L. McAlwee, Jr., and Robert D. Case (collectively "Defendants"). On January 10, 2019, the parties submitted a Joint Motion for Approval of Settlement Agreement ("Joint Motion"), ECF No. 23. The parties' settlement agreement ("Settlement Agreement") states that Defendants will pay a total sum of $26,000.00 to be divided as follows: (1) Plaintiff Martinez would receive $8,248.50 in compensation for his claims; Plaintiff Santamaria would receive $2,448.00 in compensation for his claims; and Plaintiff Rivera would receive $792.82 in compensation for his claims; (2) Plaintiffs' counsel would receive $14,324.68 in attorney's fees; and (3) Plaintiffs' counsel would

1

receive $186.00 as reimbursement for costs relating to this proceeding. The Court has reviewed the Joint Motion, the accompanying memorandum, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, the Court hereby **GRANTS** the parties' Joint Motion to the extent that it conforms with the amounts agreed to in the Settlement Agreement[1] as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* test; and, (3) the agreed to attorney's fees appear to be reasonable under *Saman*. A separate Order shall issue.

I. Analysis

    A. A *Bona Fide* Dispute Exists

Congress enacted the FLSA to protect workers from poor wages and long hours, which are often the result of power imbalances between workers and employers. *Saman v. LBDP, Inc.*, No. Civ. A. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013). Even when parties submit a joint motion seeking approval for a settlement agreement, the Court must undertake a multi-step review of the agreement and any attorney's fees requested to ensure its reasonableness. *Id.* "[A]s a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are 'actually in dispute.'" *Id.* at *3 (citing *Lane v. Ko–Me, LLC*, Civ. A. No. DKC–10–2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011) (citation omitted)).

A *bona fide* dispute exists in this case. Plaintiffs commenced this proceeding on May 3, 2018, in the Circuit Court for Prince George's County, Maryland. Notice of Removal 1, June 18,

---

[1] In the Joint Motion, Plaintiffs state they incurred attorney's fees of $15,472.50. J. Mot. 4. However, a copy of the fully executed Settlement Agreement states that "Fourteen Thousand Three Hundred Twenty-Four Dollars and Sixty-Eight Cents ($14,324.68) reflects the complete settlement and compromise of any claims by Plaintiffs or Plaintiffs' Counsel for attorney's fees in this matter." Settlement Agreement 2.

2

2018, ECF No. 1.  On June 18, 2018, Defendants removed the matter to this Court as it "involve[d] the interpretation of federal questions."  Notice of Removal 1-2.  Subsequently, "the [p]arties extensively negotiated and contested the merits of the claims."  J. Mot. 2.

Plaintiffs were employees at a waste removal and recycling company that Defendants owned and operated.  Pls.' Compl. 3-4, attached to Notice of Removal as "Exhibit A-1," ECF No. 1-1.  Plaintiff Martinez worked for approximately eight (8) years as a driver and occasionally as a janitor and landscaper.  Pls.' Compl. 3.  Plaintiffs Santamaria and Rivera worked as "driver's helpers" for approximately a year and a half and seven (7) months respectively.  Pls.' Compl. 3-4.  Plaintiffs Santamaria and Rivera also did work as janitors and landscapers.  Pls.' Compl. 3-4.  During their employment, Plaintiffs allege that they frequently worked more than 40 hours a week, but that Defendants avoided paying them overtime through several tactics, including: 1) paying Plaintiffs in cash for hours spent doing janitorial or landscaping tasks; 2) automatically deducting time for lunch breaks despite the fact Plaintiffs rarely took lunch; and, 3) deducting time from the driver's hours if the driver's helper was late.  Pls.' Compl. 4-5.  In response to Plaintiffs' allegations, Defendants denied all liability.  Defs.' Answer, Aug. 8, 2018, ECF No. 7.  Defendants raise several defenses, including arguing that Plaintiffs are barred from asserting FLSA claims under the Motor Carrier Act, 29 U.S.C. § 213(b)(1), and that the alleged landscaping work conducted was not performed in Plaintiffs' "capacity as employees of Defendants."  Defs.' Answer 7; J. Mot. 4.  Defendants made no admissions of liability with this agreement.  J. Mot. 2.  Accordingly, the Court is satisfied that a *bona fide* dispute concerning FLSA issues exists in this case.

### B. The Settlement Agreement Passes the *Saman* Test

If a *bona fide* dispute exists, the next step in the analysis is to assess the fairness and reasonableness of a settlement agreement using the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). Here, the settlement agreement appears to be fair and reasonable under the *Saman* factors.

#### 1. Extent of discovery

As of the date of this opinion, discovery has been limited and informal in this case. J. Mot. 3. While the Joint Motion does not specify what was exchanged during discovery, a review of the time records submitted in support of the reasonableness of the agreed to attorney's fees contains several entries indicating the parties had at least one telephone conference and exchanged several emails regarding discovery. Attorney Time Records, attached to the J. Mot., ECF No. 23-4. Further, the bulk of the hours billed appear to have been spent researching GPS location-related issues and preparing for and participating in settlement discussions.

#### 2. Stage of the Proceedings

This matter settled while still in the preliminary stages of litigation. This settlement comes less than a year after Plaintiffs sent their demand letters and approximately nine (9) months after Plaintiffs filed their original complaint in Maryland Circuit Court. The parties participated in a settlement conference before the undersigned on October 23, 2018. It was during that process they came to the instant agreement.

### 3. Absence of Fraud or Collusion

There is no evidence that the Settlement Agreement is the product of fraud or collusion. The Joint Motion includes language identical to another joint motion for settlement filed by the same law firm attesting to the lack of fraud or collusion. Specifically, the parties affirm that:

> Prior to accepting the settlement agreement, Defendants and Plaintiff—with the advice of their respective counsel—considered the potential value of Plaintiff's claims, considered the strengths and weaknesses of Defendants' defenses, and Plaintiff and Defendants both independently concluded the settlement is in their best interests and a fair and reasonable resolution of Plaintiff's claims.

J. Mot. 3. However, "[t]here is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Saman*, 2013 WL 2949047, at *5 (quoting *Lamscolo*, 2009 WL 3094955, at 12). Further, Defendants aver that this settlement agreement is in their best interest as "it eliminates the uncertainties and risks of further litigation." J. Mot. 3. Accordingly, the Court is satisfied that this settlement agreement is the product of independent decision-making and arm's-length negotiations.

### 4. Experience of Counsel

Plaintiff is represented by the law firm Zipin, Amster & Greenberg, LLC ("Zipin Firm"). Plaintiff states that Zipin Firm has "litigated numerous FLSA cases in the District of Maryland." J. Mot. 3. Plaintiff further details the qualifications of the two attorneys who worked on this case and provides declarations from these attorneys. *See* Decl. of Mariusz Kurzyna ("Kurzyna Declaration"), Jan. 10, 2019, ECF No. 20-1 (stating that he has been practicing wage and hour claims for several years, including approximately six years in Connecticut); Decl. of Michael K. Amster ("Amster Declaration"), Jan. 10, 2019, ECF No. 20-2 (stating that he has been practicing law for at least nine (9) years and is a founding partner of the Zipin Firm). Accordingly, the

Court is satisfied that Zipin Firm and the attorneys of record are sufficiently experienced in litigating matters concerning FLSA cases in state and federal courts.

### 5. Opinions of Counsel

Counsel for all parties believe this settlement agreement is in their clients' best interest. The Joint Motion does not indicate any hesitation or reservations from either party. In fact, "counsel for all [p]arties agree that the settlement is fair and just and represents a reasonable compromise regarding bona fide disputes." J. Mot. 3.

### 6. Probability of Plaintiff's Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery

According to the Joint Motion, Plaintiffs' counsel anticipated recovering a maximum total of $22,978.63 in damages, not including liquidated damages. J. Mot. 3. With this agreement, Plaintiffs are settling for half of what they anticipated recovering.[2] J. Mot. 3-4. While Plaintiffs also sought liquidated damages and treble damages, Plaintiffs' claims faced several severe difficulties. J. Mot. 4. Specifically, there are significant questions as to whether Plaintiffs' janitorial and landscaping work was done in their capacity as employees of Defendants. J. Mot. 4. Additionally, Defendants argue that Plaintiffs are exempted from FLSA coverage under the Motor Carrier Act. J. Mot. 4; Defs.' Answer 7. Accordingly, although the amount settled for is half of what Plaintiffs allege they could have recovered, the fact they are recovering anything given the defenses Defendants raised makes it prudent to settle at this stage.

---

[2] According to Plaintiffs' counsel, Plaintiff Martinez anticipated a maximum recovery of $16,497.00 but under the Settlement Agreement will only recover $8,248.50; Plaintiff Santamaria anticipated a maximum recovery of $4,896.00 but under the Settlement Agreement will only recover $2,448.00; and Plaintiff Rivera anticipated a maximum recovery of $1,585.63 but under the Settlement Agreement will only recover $792.82.

6

### C. Attorney's Fees

The final step in this inquiry is an independent assessment of the reasonableness of any attorney's fees that may be included in a settlement agreement. *Saman*, 2013 WL 2949047, at *3 (quoting *Lane,* 2011 WL 3880427, at *3). In the course of this independent assessment, the Fourth Circuit has instructed district courts to consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at *6–7 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). When a claim for attorney's fees is filed in the federal court in Maryland, there is an extra layer of complexity arising from the Court's Local Rules which includes an entire appendix listing "Rules and Guidelines" for how parties are to request reimbursement of fees. Local Rules, App. B (D. Md. Dec. 1, 2018).

Here, Plaintiffs' counsel seeks reimbursement of $14,324.68 in uncompensated hourly fees and $186.00 in filing fees and travel costs that they incurred throughout this proceeding. J. Mot. 4. In the Joint Motion, Plaintiff addresses each of the *Saman* factors with varying degrees of depth. Certain factors were more significant to the determination of reasonableness in this case and are therefore addressed in detail *infra*. The remaining factors—while addressed in the

Joint Motion—present no novel issues or significant impact on the reasonableness of an attorney's fees requested.³

### 1. The Time and Labor Expended

The amount of "time and labor expended" by counsel on a particular case is an essential starting point for assessing the reasonableness of the total amount of fees requested. Accordingly, detailed information concerning what counsel was doing during the hours they billed for a client's case is necessary for the Court to make an accurate assessment. *See United Food & Commercial Workers Unions v. Magruder Holdings, Inc.*, No. GJH-16-2903, 2017 WL 3129192, at *4 (D. Md. July 21, 2017) (noting the movant attached "a summary of the legal services performed in the matter, broken down into date, attorney, narrative of the task, hours expended, and fees charged").

Attached to the Joint Motion, Plaintiffs have provided a detailed work log summarizing the legal services rendered. Attorney Time Records, EFC No. 23-4. This work log is broken down by date and includes information on the individual who billed for the services, a description of the work conducted, the total hours spent on the particular task, and a calculation of the fees charged. The Court notes that this work log was not organized by litigation phase, as required by the Local Rules. *See* Local Rules, App. B(1)(b) ("Fee applications, accompanied by time records, shall be submitted . . . organized by litigation phase."); *see also United Food &*

---

³ The remaining *Saman* factors are:

> (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; . . . (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; . . . (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client . . . .

*Saman*, 2013 WL 2949047, at *6–7 (citing *Barber*, 577 F.2d at 226 n.28).

*Commercial Workers Unions*, 2017 WL 3129192 at *4. However, in light of the fact that this is an unopposed motion for settlement, both parties were represented by counsel, and the proceedings were relatively short in duration, the Court is willing to accept the supplemental filing in its current format. Plaintiffs' counsel should ensure any future submissions for attorneys' fees are properly supported with information that is sufficiently detailed and formatted in compliance with the Local Rules or risk their request being denied. *See, e.g.*, *United Food & Commercial Workers Unions*, 2017 WL 3129192, *4 (directing a plaintiff re-submit its request for attorney's fees in an "organizational format consistent with [the Local Rules]").

### 2. The Customary Fee for Like Work

An additional factor considered by the Court is the customary fee attorneys charge for the type of work the attorney seeks to be reimbursed. For the convenience of counsel, the Local Rules include guidelines listing a presumptive range of reasonable hourly rates. *Gonzales v. Caron*, Civ. A. No. CBD-10-2188, 2001 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("[G]enerally this Court presumes that a rate is reasonable if it falls within these ranges.").

Here, Plaintiff's counsel is seeking to recover based on the "normal and customary rates that [Zipin Firm] charges its hourly clients and in line with market rates." J. Mot. 5. For Mariuz Kurzyna, Plaintiff seeks to recover a rate of $320.00 per hour prior to July 1, 2018, and a rate of $350.00 per hour after July 1, 2018. J. Mot. 5. With his twelve (12) to thirteen (13) years of experience, these rates are at the highest end of the range listed in the Local Rules' guidelines for attorneys with between nine (9) and fourteen (14) years of experience. *See* Local Rules, App. B(3)(c). However, considering that Mr. Kurzyna was the lead attorney in this matter and he has over a decade of experience the Court finds these rates to be reasonable.

For Michael Amster, Plaintiff seeks to recover $320.00 per hour billed prior to July 1, 2018, and $350.00 per hour billed after July 1, 2018. J. Mot. 5. With his nine (9) to ten (10) years of experience, these rates are at the highest end of the range listed in the Local Rules' guidelines for attorneys with between nine (9) and fourteen (14) years of experience. *See* Local Rules, App. B(3)(c). However, considering Mr. Amster is a partner at the Zipin Firm the Court finds these rates to be reasonable.

Finally, Plaintiff seeks to recover $135.00 per hour billed by various paralegals at any point during this case. J. Mot. 5. This is within the range of rates listed in the Local Rules' guidelines and is therefore presumptively reasonable. *See* Local Rules, App. B(3)(f).

### 3. The Experience, Reputation and Ability of the Attorney

As detailed above, Plaintiff's counsel asserts their firm has significant familiarity with wage and hour claims. *See supra* Section I.B(4). Of note is the fact that at least one attorney assigned to this case had at least twelve (12) years of experience practicing law and significant experience litigating FLSA wage-and-hour cases. J. Mot. 6-7; Kurzyna Decl. 1-2.

### 4. The Novelty and Difficulty of the Questions Raised and The Amount in Controversy and The Results Obtained

Plaintiffs' arguments addressing the difficulty of this case and the results ultimately obtained are interrelated. Plaintiffs argue that what would have been a typical wage-and-hour case was made more difficult by Defendants' defenses. J. Mot. 5. Specifically, Defendants assert Plaintiffs are exempt from the FLSA coverage under the Motor Carrier Act and that the landscaping and janitorial work performed was not done in their capacity as employees of Defendants. J. Mot. 5. Without additional information as to why Plaintiffs felt they were working as employees of Defendants at the time, it is unclear how Plaintiffs could recover any significant amount of overtime. As previously discussed, the amount each Plaintiff will

ultimately recover represents half of the maximum amount they expected to recover. Given the facts of this case, recovering anything is a significant achievement.

### 5. Attorneys' Fees Awards in Similar Cases

Plaintiffs' counsel's request for reimbursement of $14,324.68 in attorney's fees is only three thousand dollars more than the $11,489.32 in total damages that Plaintiffs will receive. In the Joint Motion, Plaintiff directs the Court to the fact that civil rights cases and FLSA cases often see awards of attorney's fees that "substantially exceed[ ] damages." J. Mot. 9 (citing *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (internal citations omitted)). Plaintiff also cites to *Almendarez v. J.T.T. Enterprises Corp.*, where the plaintiffs were awarded attorney's fees amounting more than 25 times the amount they recovered in damages after trial. *Almendarez v. J.T.T. Enterprises Corp.*, Civ. No. JKS-06-68, 2010 WL 3385362, at *1 (D. Md. Aug. 25, 2010). Certainly, the factual and procedural differences between *Almedarez* and this case warrant a significantly different ratio between Plaintiff's damages and the attorney's fees recovered.[4] For guidance, the Court turns to cases more closely similar to the matter before it: *Navarro v. Eternal Trendz Customs, LLC*, Civ. A. No. TDC-14-2876, 2015 WL 898196 (D. Md. Mar. 2, 2015) (approving a settlement which included attorneys' fees and costs amounting to $3,545.20 where plaintiffs were awarded $4,291.49 and $1,298.89 in wages and liquidated damages) and *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404 (D. Md. 2014) (Grimm, J.) (approving a settlement that was agreed to after informal discovery

---

[4] Two key differences between the instant case and *Almedarez* are the number of plaintiffs an attorney is representing (three plaintiffs in this case versus eight plaintiffs in *Almedarez*) and the timing of the request for fees in the litigation process. Such factors significantly impact the number of hours an attorney might reasonably be expected to expend on even a straight forward wage-wage-and-hour case.

and ADR and that included $3,000 in attorneys' fees and costs where plaintiff was awarded $4,500 in wages and liquidated damages). Accordingly, the Court finds the ratio between what Plaintiffs will recover and what Plaintiffs' counsel will be reimbursed is in line with other similar cases.

## II.     Conclusion

Based on the foregoing, the Court hereby **GRANTS** the parties' Joint Motion to the extent that it conforms with the amounts agreed to in the Settlement Agreement as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* Test; and, (3) the attorneys' fees agreed to are reasonable under *Saman*. In making this decision, the Court offers no opinion on the merits of Plaintiff's underlying claims or Defendants' raised defenses.

January 25, 2019                                                              /s/

                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/clc