**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **SELVIN RAMIRO MARTINEZ HERNANDEZ**, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. CBD-18-1809 |
| **AMBER'S DISPOSAL, LLC**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiffs Selvin Ramiro Martinez Hernandez ("Martinez"), Miguel Angel Leon Rivera ("Rivera"), and Jesus N. Santamaria ("Santamaria") (collectively "Plaintiffs") brought claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiffs sought damages, including liquidated and treble damages, from Defendants Amber's Disposal, LLC, Brenda J. McAlwee, Frank L. McAlwee, Jr., and Robert D. Case (collectively "Defendants"). On January 10, 2019, the parties submitted a Joint Motion for Approval of Settlement Agreement ("Joint Motion"), ECF No. 23. The parties' settlement agreement ("Settlement Agreement") states that Defendants will pay a total sum of $26,000.00 to be divided as follows: (1) Plaintiff Martinez would receive $8,248.50 in compensation for his claims; Plaintiff Santamaria would receive $2,448.00 in compensation for his claims; and Plaintiff Rivera would receive $792.82 in compensation for his claims; (2) Plaintiffs' counsel would receive $14,324.68 in attorney's fees; and (3) Plaintiffs' counsel would

receive $186.00 as reimbursement for costs relating to this proceeding. The Court has reviewed the Joint Motion, the accompanying memorandum, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated in the accompanying memorandum, on this 24th day of January 2019, the Court hereby **GRANTS** the parties' Joint Motion to the extent that it conforms with the amounts agreed to in the Settlement Agreement as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* test; and, (3) the agreed to attorney's fees appear to be reasonable under *Saman*.

January 25, 2019 /s/
Charles B. Day
United States Magistrate Judge

CBD/clc